[Civ. No. 10453. First Appellate District, Division Two.—April 8, 1937.]

JOHN GERONTOPOULOS, Respondent, v. STAMATIA GERONTOPOULOS et al., Appellants.

Julian D. Brewer for Appellants.

John R. Tyrrell and W. L. A. Calder for Respondent.

SPENCE, J.—Plaintiff brought this action seeking a decree of partition as to certain premises consisting of a city lot with a nine-room dwelling house erected thereon. An inter-

locutory decree of partition was entered adjudging that plaintiff was the owner of an undivided one-half interest in said premises and ordering the sale thereof. Defendants appeal from said interlocutory decree.

In 1915 plaintiff and his brother, Gust Gerontopoulos, owned the premises as tenants in common. The brothers were natives of Greece and had established themselves as partners conducting a grocery business in San Francisco. After the purchase of said premises, Gust Gerontopoulos married defendant Stamatia Gerontopoulos in 1916. The remaining defendants are the minor children of said parties. Defendant Stamatia filed a divorce action against Gust in 1932. She obtained a decree in said action awarding to her all of the interest of Gust in said premises subject to certain restrictions upon her right to alienate or encumber her interest during the minority of the children. It was for this reason alone that the children were named as defendants in this action and we may, for the purpose of this discussion, treat Stamatia as the sole defendant and refer to her as such.

It is conceded that the title to the · premises was originally vested in plaintiff and his brother Gust and it is further conceded that all of Gust's interest in the premises became vested in defendant by virtue of the divorce decree. It was defendant's claim, however, that plaintiff had orally agreed to sell his interest to Gust, that said oral agreement had been fully performed and that Gust had become the sole owner of the premises long prior to the entry of the decree in the divorce action. The trial court found against this claim of defendant and concluded that plaintiff was the owner of an undivided one-half interest in the premises and entitled to partition thereof. Defendant's main contention on this appeal is that the trial court erred in making said findings and conclusions, but we find no merit in this contention.

The evidence in support of defendant's claim was unsatisfactory in many respects and said evidence was contradicted in all of its material phases. If it be conceded that there was evidence to support defendant's claim it must also be conceded that there was ample evidence to support the claim of plaintiff. There was evidence to show that after the marriage of defendant in 1916, the parties all lived together in said dwelling house during most of the time up until

1925; that during said time plaintiff occupied one of the rooms in said house and that defendant merely did the work necessary to keep house for the family group; that the provisions for all were supplied from the grocery store owned by plaintiff and his brother; that no accounts were kept or claims made showing any definite financial arrangements between the parties with respect to the running of the dwelling house; that there was no oral agreement made concerning the sale of plaintiff's interest in the premises to Gust and no oral agreement made that plaintiff was to be charged $30 per month for the services of defendant as housekeeper to be applied on the alleged purchase price as claimed by defendant; that plaintiff left said dwelling house in 1925 but continued to pay half of the taxes and insurance at all times; that for approximately two years following plaintiff's leaving, Gust paid plaintiff $15 per month as rent for the exclusive use of said dwelling house; that thereafter plaintiff refused to pay for further repairs and improvements, and there was some discussion of Gust's purchasing plaintiff's interest; that no such purchase was made, but Gust continued to have the exclusive use of the premises without payment of rent and thereafter made repairs and improvements without consulting plaintiff and without plaintiff's knowledge. It being admitted that plaintiff was still the holder of the record title to an undivided one-half interest and there being no documentary evidence of any kind to substantiate defendant's claim regarding the alleged sale, the trial court was entirely justified in determining upon the evidence before it that said claim was without foundation in fact.

■ Defendant makes the further contention that the trial court erred in not applying the doctrine of estoppel against plaintiff. Defendant calls our attention to evidence showing that plaintiff had seen an announcement in a local newspaper concerning the divorce proceeding between defendant and Gust and that he had later seen the complaint in that action. We find nothing in the record which would justify the application of the doctrine of estoppel and defendant presents no authorities sustaining her contention. Plaintiff was not a party to the divorce action and the court, in determining the issues therein, could not and did not deal with any question concerning the real property in question except that of the relative rights of the parties to that action with re-

spect to any interest which said parties had in said real property.

■ Defendant states a further contention as follows: "Where one co-tenant homesteads the property held in common between them, the non-homesteading co-tenant, who has lost the right of possession thereof, may not dissolve and terminate the homestead by partition proceedings." It may be stated that after the commencement of this action, defendant made a declaration of homestead upon the premises. It is unnecessary to discuss defendant's last-mentioned contention further than to point out that it is based upon the premise that plaintiff had "lost the right to possession of the property by executed agreement of sale". As above indicated the trial court found against the existence of any such executed agreement of sale.

■ The final contention of defendant is that even assuming that the trial court was justified in adjudging that plaintiff was the owner of an undivided one-half interest, it erred in "limiting contribution for the improvements made by Gust and Stamatia to $180". This sum was the amount which was ordered paid to defendant out of plaintiff's one-half interest in the proceeds of the sale. Defendant had asserted a claim for expenditures for repairs and improvements made throughout the occupancy of the premises and even as early as 1917. The amounts of the alleged expenditures were in excess of $3,000. The evidence affirmatively showed that plaintiff did contribute his share of some of the alleged expenditures. It further appeared that most of the alleged expenditures were for the ordinary type of repairs and improvements and that they were made after plaintiff had ceased to occupy the premises. These expenditures were apparently made primarily for the benefit of defendant and her husband, who actually occupied the premises as their home and who paid no compensation to plaintiff therefor from 1927 until the date of trial. Under these circumstances, it does not appear that the trial court erred in limiting plaintiff's contribution to the amount specified. (See note on "Adjustment on Partition of Improvements Made by Tenant in Common", 1 A. L. R. 1189 et seq. and cases cited.)

The decree is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.